939 So.2d 139 (2006)
ELIZA THOMAS, Appellant,
v.
PAMELA PATTON, ROBERT S. SCHINDLER, SR., LINDY THACKSTON, and MULTIMEDIA HOLDINGS CORPORATION and GANNETT RIVER STATES PUBLISHING CORPORATION d/b/a FIRST COAST NEWS, Appellees.
Case No. 1D05-5501.
District Court of Appeal of Florida, First District.
Opinion filed September 13, 2006.
Thomas C. Powell and Roy E. Dezern, Jacksonville, for Appellant.
George D. Gabel, Jr., Charles D. Tobin, and Jennifer A. Mansfield of Holland & Knight LLP, Jacksonville, for Appellees.
PER CURIAM.
We affirm the final summary judgment entered by the trial court in this case. Appellant has raised seven points on appeal, none of which has merit. We write an opinion only because we have decided to grant attorney's fees to appellees pursuant to section 57.105(1)(b), Florida Statutes (2005). After oral argument in this case, we issued the following order to show cause:
ORDER TO SHOW CAUSE
Because the claims presented in this appeal appear unsupported by any application of the law to the facts of this case, this court must consider whether attorney's fees should be awarded against appellant's attorneys pursuant to section 57.105(1)(b), Florida Statutes (2005). See Boca Burger, Inc. v. Forum, 912 So. 2d 561 (Fla. 2005). That statute provides:
57.105 Attorney's fee; sanctions for raising unsupported claims or defenses; service of motions; damages for delay of litigation.
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
In taking this action, the court has considered many factors present in this case.
With regard to the presentation of the case, the briefs filed by appellant contain many inappropriate phrases and references:
 "Poison Pen Letter" and "Poison Pen Campaign." Initial Brief, at 2, 3, 18, 28; Reply Brief, at 5.
 "Twilight Zone Doctors." Initial Brief, at 4, 11, 16, 30, 40; Reply Brief, at 2, 10, 14.
 "Judicial murder." Initial Brief, at 11, 29; Reply Brief, at 8, 10.
 "Tab 18 Plants." Initial Brief, at 5, 7, 20, 22, 24, 27, 28, 29, 30, 33, 34, 35, 44; Reply Brief, at 11, 12.
 Quotes one of the trial court's findings and then states, "Baloney." Initial Brief, at 15.
 "Appellees' citation of miscellaneous Internet screwballs (>Tab 18 Plants')." Initial Brief, at 20.
 "Tab 19 Stories." Initial Brief, at 20, 32; Reply Brief, at 11.
 "Tab 20 Hits." Initial Brief, at 21, 33, 34, 35; Reply Brief, at 11.
 "There is no allegation that the Internet stories were not planted by the defendants in this suit (in fact, the evidence shows they were), that the stories deal with any public concern, or that anyone other than Appellees has ever read them." Initial Brief, at 21-22.
 "The most important of the Tab 18 Plants is a fraud on the Trial Court as is explained below." Initial Brief, at 22.
 "In short, there is no controversy over a public concern here, only a bunch of Internet freaks parroting Patton's lies." Initial Brief, at 30.
 "Appellees accused Appellant of attempted murder and claimed they had medical evidence to back it up. They lied." Initial Brief, at 42.
 "The Final Summary Judgment, however, disparages honest journalism by legitimizing an Internet lynch mob and elevating porno queens to the level of supreme court judges." Initial Brief, at 45.
 "Appellees, as is their wont, introduce new facts into the Answer Brief that are nowhere in evidence or stated in the Final Summary Judgment." Reply Brief, at 1.
 "Appellees have substituted their own version of Appellee Thackston's Answers to Interrogatories, concealing references to time and misstating the response." Reply Brief, at 2.
 Referring to statements by appellees and the trial court as "fatuous." Reply Brief, at 3.
 Referring to the temporary guardianship hearing as "a >Star Chamber' proceeding." Reply Brief, at 7.
 "Appellees will go to any length to perpetuate this myth, including defrauding this Court. They state, for example, that >Patton's Petition for Appointment of Emergency Temporary Guardian alleged that Scott Thomas was in imminent danger and that Appellant was being investigated by the State Attorney's Office for possible involvement in Scott Thomas' injury.' (AB 2). This is a base lie. This Court will search in vain for anything remotely resembling such a statement in Patton's petition. (R. 230-232). Please read it. Appellees made this up." Reply Brief, at 12.
 "This case is not about a difference of opinion; it is about lies fabricated and spread by the Appellees for profit." Reply Brief, at 12.
 "Appellees say >Patton [who apparently is Appellees' Twilight Zone Doctor] argued to the guardianship court that Scott Thomas' severe brain injury was not explained by Appellant's explanation of his injury.' (AB 20). They made this up, too." Reply Brief, at 14.
Thus, in addition to making offensive remarks about the trial court, appellant accuses opposing counsel and appellees of fabricating evidence, lying, and defrauding the court.[*] Appellant relies on such accusatory language presumably because no law supports appellant's arguments.
Turning to the substance of the briefs, appellant's first "point" on appeal is frivolous despite appellant's contention that "[t]his is not a frivolous issue": "Whether, as a matter of law, different dates on the calendar represent different days." Initial Brief, at ii, 10. In other points on appeal, appellant raises no serious challenge to the undisputed material facts found by the trial court. On the legal points raised, appellant's arguments completely lack merit. Indeed, appellant concedes that Pamela Patton, a defendant in the trial court, made the statements at issue, as reported by the appellees, First Coast News and Lindy Thackston. As a matter of law, as found by the trial court, appellees' publication of those statements is not capable of defamatory meaning.
In the oral argument before this court, appellant persisted in using inappropriate phrases and presenting meritless legal arguments. When questioned by the panel about language used in his briefs, appellant had no explanation and made no apologies, stating only that "the language in my first draft is a lot worse."
Based on the foregoing, we direct attorneys Thomas C. Powell and Roy E. Dezern to SHOW CAUSE within twenty days why attorney's fees under section 57.105(1)(b) should not be awarded against them. Appellees may file a response within twenty days thereafter.
Appellant's attorneys have now filed a response to the order to show cause, and appellees have filed a reply thereto. As appellees indicate in their reply, the response filed by appellant does not address the issue presented by the court. Instead, appellant merely reargues the merits of the case, insisting that the descriptions used in the briefs, and pointed out in the court's order, are appropriate. Appellant's attorneys apologize only for the use of one term B "baloney." Appellant's attorneys now dispute that appellant conceded Patton made the statements at issue, presumably in an attempt to argue the case was not frivolous. Appellant's attorneys have offered no good reason why attorney's fees should not be awarded in this case. Accordingly, we adopt the factual matters and analysis set forth in the Order to Show Cause and find that attorney's fees are due under section 57.105(1)(b). The cause is remanded to the circuit court for assessment of those fees.
AFFIRMED and REMANDED.
KAHN, C.J., WEBSTER and HAWKES, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED
NOTES
[*] We note that appellant's attorneys themselves invented certain of the descriptive terms quoted above, such as "Twilight Zone Doctors," "Plants," and "Stories," presumably in an attempt to impugn the integrity of appellees and their counsel.